**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**DONALD MARTIN AND RACHEL MARTIN**                                       PLAINTIFFS

       v.               Civil No. 04-1043

**E-Z MART STORES, INC.**                                                 DEFENDANT/
                                                                    THIRD-PARTY PLAINTIFF

       v.

**NEW YORK LIGHTER CORPORATION AND**
**HALPERN IMPORT COMPANY**                                                THIRD-PARTY DEFENDANTS

**O R D E R**

    Now on this 19th day of October, 2005, comes on for consideration **Plaintiff's Motion For New Trial** (document #62), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.   On June 8, 2005, this Court granted summary judgment in favor of all defendants on plaintiffs' claim that Donald Martin sustained personal injury, and his wife sustained loss of consortium, caused by a defective lighter purchased from defendant E-Z Mart Stores, Inc., and manufactured and distributed by either defendant New York Lighter Corporation or defendant Halpern Import Company.  The pending motion, while entitled a motion for new trial, is in substance a motion to reconsider that ruling.

    2.   This case arose out of events that occurred on April 5, 2002. On that date, plaintiff Donald Martin ("Martin") had in his shirt pocket two disposable butane cigarette lighters which he believes he purchased from defendant E-Z Mart Stores, Inc. ("E-Z

Mart"). One lighter was supplied by defendant New York Lighter Corporation ("New York Lighter"); the other was supplied by defendant Halpern Import Company ("Halpern"). Martin used one of the two lighters (he does not know which) to light a cigarette, then dropped the lighter in his shirt pocket. Shortly thereafter, his shirt caught fire, and he sustained burn injuries.

3. The Court ruled that neither New York Lighter nor Halpern could be held liable for Martin's injuries, because Martin could not prove which lighter caused those injuries. It further ruled that E-Z Mart could not be held liable because the plaintiffs could not prove that either lighter was supplied to Martin in a defective condition which rendered it unreasonably dangerous.

4. Plaintiffs now contend that the Court erred in both rulings. Their argument relies largely on the paucity of defendants' evidence about how the fire occurred, rather than on any hidden strengths in their own evidence which the Court overlooked. Such arguments are unavailing in connection with a motion for summary judgment, where the Court does not weigh the relative merit of evidence, but merely determines whether sufficient evidence exists to submit an issue to the finder of fact. Plaintiffs' case at the summary judgment stage must stand or fall on their own evidence.

5. Plaintiffs also argue that the jury should be allowed to

determine which lighter caused Martin's injuries because "there is evidence which points to the possibility that either lighter could have been used to light the cigarette." Merely to state the argument is to demonstrate its fatal weakness, as plaintiffs cannot deal in mere possibilities. They must establish probabilities. **AMI Civil 2005, 202.** Given that neither Martin, nor his expert, could say which lighter Martin was using, there is simply no basis for the jury to determine that a particular lighter probably caused Martin's injuries.

6. Finally, plaintiffs argue that there is sufficient evidence that both lighters were supplied in a defective condition which rendered them unreasonably dangerous, to allow the case against E-Z Mart as the supplier of the product to go to the jury. They reason that their expert witness reported that "one of the lighters failed to extinguish after Donald Martin released the trigger" and that "common sense tells us that this accident would not have occurred in the absence of a defect."

While a plaintiff "is not required to prove a specific defect when common experience tells us that the accident would not have occurred in the absence of a defect . . . [t]he mere fact of an accident, standing alone, does not make out a case that the product was defective, nor does the fact that it was found in a defective condition after the event." **Williams v. Smart Chevrolet Co., 292 Ark. 376, 730 S.W.2d 479 (1987).**

**Williams** directs consideration of "other facts tending to show that the defect existed before the accident," and is instructive as to the level of other facts that must exist. Williams' car door flew open as she was driving, and she fell out and was injured. She testified that she had shut and locked the door, that she was driving slowly, and that the road was straight. This evidence did not, in the opinion of the Arkansas Supreme Court, "adequately negate any cause of the accident due to driver error or control." Likewise, her expert witness gave testimony that was "inconclusive as to the existence of any defect and tended to support the theory that the accident was due to driver error." The Court found that Williams' proof did not "go beyond suspicion or conjecture nor raise a reasonable inference that the defect was the cause of the accident."

The quantum of proof in the case at bar is similar. Martin's testimony that he was sure the flame had extinguished before he put the lighter back in his pocket is comparable to Williams' testimony that she had shut and locked her door. It does not adequately negate any cause of the fire due to user error. His expert reported that it is difficult to determine whether a flame has extinguished, that Martin was driving as he lit his cigarette and returned the lighter to his pocket, and that he did not "know any smokers that look at the flame before they put the lighter away."

In addition, Martin's expert gave testimony that was inconclusive. He identified no design or manufacturing defect in either lighter, although he said there was a "possible design defect of foreign material being able to cause these lighters not to extinguish which would be eliminated with electronic ignition." He also testified that failure to extinguish may be caused by particulate matter picked up from the shirt pocket of the user as well as by particulate matter coming from the lighter itself. Nelson agreed that both lighters had been "well used,"[1] and agreed that a build-up of foreign material was not evidence of a defect, and that foreign material could be found in a perfectly functional lighter.

Nelson based his opinion that one of the lighters failed to extinguish in part on "thermal discoloration at the flame base" of one of the lighters, but he testified that such discoloration "could" have resulted not only from residual flame or maladjusted flame, but also from the incident itself, as well as "many other possible things."

All in all, Martin, like the plaintiff in **Williams**, has failed to go beyond suspicion or conjecture and raise a reasonable inference that a defect in either lighter was the cause of his injuries. There is, thus, no basis for a finding of liability on the part of E-Z Mart.

---

[1] Nelson testified that Martin told him he had used the lighters to light one pack of cigarettes a day for 4-6 weeks.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion For New Trial** (document #62), same being treated as a motion to reconsider, is **denied.**

**IT IS SO ORDERED.**

                                                  /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**